CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 06 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PARVINDER SETHI, | ) | |
| Plaintiff, | ) | Case No. 7:15-cv-00479 |
| v. | ) | |
| CITIZENS INSURANCE COMPANY OF AMERICA | ) | By: Michael F. Urbanski<br>United States District Judge |
| and | ) | |
| BRANCH BANKING & TRUST, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This breach of insurance contract action is before the court on the motion to dismiss filed by defendant Citizens Insurance Company of America ("Citizens") (ECF No. 4). Citizens argues this case is barred by the two-year contractual limitations period set forth in the insurance policy at issue. Plaintiff Parvinder Sethi contends that Virginia Code § 8.01-229(E)(3) tolls this limitations period and argues his complaint was timely filed. The Virginia Supreme Court recently made clear in Allstate Property & Casualty Co. v. Ploutis, 290 Va. 226, 776 S.E.2d 793 (2015), that an insurance policy's contractual limitations period is not a statute of limitations within the meaning of § 8.01-229(E)(3). As § 8.01-229(E)(3) does not apply and the policy itself contains no applicable tolling provision, Citizens' motion must be **GRANTED** and this case **DISMISSED**.

I.

This is the second case filed by Sethi concerning the scope of coverage provided in the homeowners insurance policy issued by Citizens for Sethi's Radford, Virginia residence. On August 16, 2012, a water leak in the plumbing system of the residence damaged Sethi's dwelling and personal property. Sethi filed his initial complaint for damages under the insurance policy on

August 9, 2013 in the Circuit Court of the City of Radford. Sethi amended his complaint on August 14, 2014, and Citizens ultimately removed the case to federal court on August 18, 2014, based on diversity of citizenship between the parties. See Case No. 7:14-cv-00442-MFU-RSB ("Sethi I") (notice of removal filed Aug. 18, 2014). Sethi again amended his complaint on October 21, 2014, and Citizens thereafter moved to dismiss Sethi's claim for replacement costs of the personal property he alleged was damaged as a result of the water leak. The court granted that motion on December 9, 2014, on account of Sethi's failure to file any opposition, pursuant to the local rules of this court and the court's scheduling order. Sethi I, ECF No. 26.

In the course of the Sethi I litigation, Citizens filed two motions to compel stemming from Sethi's failure to file timely his Rule 26(a)(1) disclosures and discovery responses, which, as of the filing of the motion, were more than seven weeks late. The court granted both motions, neither of which were opposed by Sethi, and directed Sethi to provide his Rule 26(a)(1) disclosures and discovery responses by January 8, 2015. Sethi I, ECF No. 33. After receiving incomplete, unsigned responses at the eleventh hour, Citizens moved for sanctions. Sethi I, ECF No. 38. The magistrate judge gave Sethi additional time to supplement his responses, extended various pretrial deadlines, and took the motion for sanctions under advisement. Sethi I, ECF No. 40. Sethi failed to supplement by the deadline, and again Citizens moved for sanctions. Sethi I, ECF No. 44. Sethi thereafter moved for an extension of time to comply with his expert disclosure obligations or, in the alternative, asked the court to permit him to take a voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Sethi I, ECF No. 51. Following a hearing, at which plaintiff provided no reason to continue, yet again, the pretrial deadlines, the court entered an order on March 6, 2015 allowing Sethi to take a voluntary dismissal pursuant to Rule 41(a)(2). The court, however, placed certain conditions on the re-filing of the action—namely, that Sethi must re-file in the United States District Court for the Western District of Virginia and, before doing so, pay

2

Citizens $2,500, representing 50% of the fees and costs incurred defending the matter to date. Sethi I, ECF No. 60.

Sethi complied with these conditions and re-filed this breach of insurance contract action on September 4, 2015. Citizens now moves to dismiss the instant complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing the action is barred by the two-year contractual limitations period provided in the insurance policy. The issues have been briefed by both parties and the matter is ripe for adjudication.[1]

## II.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a dismissal when a plaintiff fails "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim to relief is plausible if the complaint's factual allegations "raise a right to relief above the speculative level." Id. at 555.

A Rule 12(b)(6) motion, which tests the sufficiency of a complaint, generally

> cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred. But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint.*"

Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis added in Goodman).

---

[1] Neither party requested oral argument on the motion.

## III.

Here, Sethi's "Complaint To Recover A Sum Owed Under A Policy Of Insurance" alleges a loss occurred on August 16, 2012, Compl., ECF No. 1, at ¶ 6, and attaches as an exhibit the insurance policy, which contains the following limitations provision:

> **8. Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within two years after the date of loss.

Id. at ECF No. 1-2, p. 11. This language is part of the standard policy form for fire insurance policies found in Virginia Code § 38.2-2105(A) and is the minimum limitations period allowed for fire insurance policies.[2] See Va. Code Ann. § 38.2-2107(A) (fire insurance policies must either contain the standard policy form or "simplified and readable policy" language that is no less favorable).

Based on this provision in the parties' insurance contract, Citizens argues Sethi's claim is time-barred. The court considers this argument at the 12(b)(6) stage because the facts necessary to Citizens' defense appear on the face of the complaint. Cf. Allstate Prop. & Cas. Co. v. Ploutis, 290 Va. 226, 776 S.E.2d 793 (2015) (considering defendant's argument that claim was time barred at the demurrer stage, where insurance policy containing operative contractual limitations period was attached as exhibit to complaint).

There is no question that the instant action, filed on September 4, 2015, was instituted more than two years after the August 2012 date of loss. The issue is whether the tolling provision of Virginia Code § 8.01-229(E)(3) applies in light of the voluntary dismissal of Sethi's prior case, Sethi I. Section 8.01-229(E)(3) provides:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be

---

[2] The insurance contract at issue is a "fire insurance policy" within the meaning of the statute because it insures losses resulting from fire, among other things. See Va. Code Ann. § 38.2-2100; Compl., ECF No. 1-2, at p.7; see also Allstate Prop. & Cas. Co. v. Ploutis, 290 Va. 226, 776 S.E.2d 793 (2015).

4

> tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

Sethi argues the court's March 6, 2015 order granting his motion for a voluntary dismissal of Sethi I pursuant to Rule 41 of the Federal Rules of Civil Procedure triggered the tolling provision of Virginia Code § 8.01-229(E)(3). And since he filed the instant complaint within six months of the voluntary dismissal order, he contends the action is timely.

A voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a) is the equivalent of a nonsuit for purposes of applying Virginia Code § 8.01-229(E)(3). See Scoggins v. Douglas, 760 F.2d 535, 538 (4th Cir. 1985) (Virginia Code § 8.01-229(E)(3) "quite clearly requires the state courts to give effect to FRCP 41 dismissals as nonsuits"); see also Shortt v. Richlands Mall Assocs., 130 F.R.D. 64, 68 n.6 (W.D. Va. 1990) ("This court and others applying Virginia law have held that a 'voluntary dismissal' under Rule 41(a) is equivalent to a 'voluntary nonsuit' for the purposes of Va. Code § 8.01-229(E)(3)." (citations omitted)). However, as the Virginia Supreme Court in Allstate Property & Casualty Co. v. Ploutis recently made clear, a contractual limitations period is not the equivalent of a statute of limitations, and § 8.01-229(E)(3) only applies to statutes of limitations:

> As we recognized in Massie, the "plain meaning" of this provision is "that, after a voluntary nonsuit, the *statute* of limitations, not a *contractual* period of limitations, is tolled." Because we "must accept [the statute's] plain meaning and not resort to rules of construction or extrinsic evidence," we concluded that "Code § 8.01–229(E)(3) does not apply to a contractual period of limitations" contained in an insurance policy.

Ploutis, 290 Va. 226, 776 S.E.2d 793 (quoting Massie v. Blue Cross & Blue Shield of Va., 256 Va. 161, 165, 500 S.E.2d 509, 511 (1998)).

5

The Court in Ploutis faced facts remarkably similar to those at issue here. On March 19, 2010, Jennifer Ploutis suffered water damage to her home and personal property as a result of burst pipes. At the time, her home was insured by a policy issued by Allstate, which contained a provision requiring that actions on the policy be brought within two years "after the inception of loss or damage." She filed a complaint for breach of contract on March 16, 2012, within the two-year limitations period, and subsequently amended her complaint. At her request, an order of nonsuit was entered on February 22, 2013. Ploutis re-filed a breach of contract action on August 21, 2013, outside the two-year limitations period provided in the contract. Allstate filed a demurrer arguing Ploutis failed to comply with the conditions precedent under the policy. The circuit court overruled the demurrer, finding the limitations period was tolled by Virginia Code § 8.01-229(E)(3) as a result of the nonsuit. The court reasoned that because the limitations period provided in the Allstate policy was "substantively" the same as that included in the Virginia standard policy form for fire insurance policies found in Virginia Code § 38.2-2105(A), the limitations period was a statute of limitations subject to tolling under § 8.01-229(E)(3).[3] Ploutis, 290 Va. at ___, 776 S.E.2d at 794-95.

The Virginia Supreme Court reversed, holding Virginia Code § 38.2-2105(A), "by its own language, is not a statute of limitations but prescribes standard policy form provisions for fire insurance policies," and "Allstate's use of 'substantively' the same language as the standard policy form did not convert the contractual limitations period into a statute of limitations." Id. at ___, 776 S.E.2d at 796-97 (citations omitted). The Court explained:

> The circuit court's conclusion that the contractual limitations period in Allstate's policy was a statute of limitations [ ] ignores the voluntary nature of insurance contracts and the essential difference between a contractual period of limitations and a statute of limitations. In contrast to statutes of limitations such as those found in Chapter 4 of Title 8.01 of the Code, contractual periods of limitations are incorporated into the terms and conditions of contracts into which parties have voluntarily entered. Had the

---

[3] This is exactly the argument Sethi advances here. See Opp. Br., ECF No. 7, at 1-2.

> General Assembly wanted to enact a specific statute of limitations for actions on fire insurance policies, it could have done so. Instead, the General Assembly has directed insurers to issue either a standard policy form that incorporates at minimum a two-year period of limitations or a simplified and readable policy that is no less favorable to the insured. In doing so, the General Assembly has made the limitations period a matter of contract. Accordingly, even if the policy's limitations period is "in the language of the General Assembly and expressed in words in which the statute requires to be inserted into the policy, word for word, line for line, number for number," Ramsey v. Home Ins. Co., 203 Va. 502, 506, 125 S.E.2d 201, 204 (1962), it remains a voluntary agreement between the parties to the insurance contract.

290 Va. at ___, 776 S.E.2d at 797. Relying on its earlier opinion in Massie v. Blue Cross & Blue Shield of Virginia, 256 Va. 161, 500 S.E.2d 509 (1998), the Ploutis Court concluded that the tolling provision in Virginia Code § 8.01-229(E)(3) does not apply to a contractual limitations period and, as "[t]he insurance contract itself did not include a tolling provision or incorporate Code § 8.01-229(E)(3)," Ploutis failed to comply with the terms of her insurance policy by filing suit outside the two year limitations period. Id. The Court therefore entered judgment in Allstate's favor.

For the reasons articulated in Ploutis, Sethi's claim in this case is time-barred. He filed the instant complaint on September 4, 2015, well outside the two-year limitations period set forth in the insurance contract.[4] Sethi points to no tolling provision in the policy language itself, nor can the court find one, and his argument that the limitations period is tolled by Virginia Code § 8.01-229(E)(3) in light of his voluntary dismissal of Sethi I is foreclosed by the Virginia Supreme Court's opinion in Ploutis.[5] The Court made clear that "neither Code § 38.2-2105 nor the contractual period

---

[4] It is worth noting, although the argument has not been raised, that the present action cannot be considered a reinstatement of Sethi's prior action, Sethi I, as "an action filed in relation to a nonsuit is a '"new" action' that 'stands independently of any prior nonsuited action.'" Ploutis, 290 Va. at ___, 776 S.E.2d at 795 n.3.

[5] Sethi's reliance on Erie Insurance Exchange v. Clover, Nos. 5:98-cv-00092, 5:99-cv-00029, 2000 WL 1456334 (W.D. Va. Sept. 1, 2000), is likewise precluded by the holding in Ploutis. The court in Erie determined the tolling provision of § 8.01-229(E)(3) applied to a breach of insurance contract claim filed outside the two-year limitations provision in the policy following a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). The Erie court distinguished the Virginia Supreme Court's decision in Massie on the basis that the limitations period at issue was mandated by Virginia Code § 38.2-2105, and "[t]o consider the § 38.2-2105 statute of limitations as contractual rather than statutory,

of limitations provided in [the] policy is a 'statute of limitations' within the meaning of Code § 8.01-229(E)(3)." 290 Va. at ___, 776 S.E.2d at 797. As such, Citizens' motion is well-taken.

IV.

> "A court must give effect to the intention of the parties as expressed in the language of their contract, and the rights of the parties must be determined accordingly." Massie, 256 Va. at 166, 500 S.E.2d at 512 (quoting Foti v. Cook, 220 Va. 800, 805, 263 S.E.2d 430, 433 (1980)). Thus, by incorporating a period of limitations into the terms and conditions of their contract, "the parties chose to exclude the operation of the statute of limitations and, in doing so, also excluded its exceptions." Id.

290 Va. at ___, 776 S.E.2d at 797. Since Sethi did not comply with the terms of his insurance contract and file his action against Citizens within two years of his date of loss, Citizens' motion to dismiss must be **GRANTED** and the instant complaint **DISMISSED with prejudice**.[6]

An appropriate Order will be entered.

Entered: 01-06-16

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

merely because of its presence in a contract—which is required by the statute—would be a legal fiction." 2000 WL 1456334, at *5. Ploutis, issued 15 years after Erie, expressly rejects this reasoning.

[6] To the extent Citizens seeks its costs of defending this action, as indicated in its motion, it should file an appropriate motion with supporting documentation pursuant to Federal Rule of Civil Procedure 54(d).